UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MEAT CUTTERS' LOCAL NO. 88 AND FOOD EMPLOYERS' AND ALLIED INDUSTRY PENSION PLAN, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> LADUE MARKETS, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) No. 4:11-CV-977 (CEJ) ) ) ) ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for default judgment pursuant to Rule 55, Fed. R. Civ. P.

### I.     Background

Plaintiffs, an employee-benefit fund and its trustees, allege that defendant has failed to submit contributions owed for hours worked by employees pursuant to the parties' collective bargaining agreement (CBA). Plaintiffs seek recovery under the Employee Retirement Income Security Act (ERISA), which provides that employers shall make contributions when required by the terms of a CBA. 29 U.S.C. § 1145.

The record indicates that a summons and copy of the complaint was personally served upon Jerry Meyers, defendant's registered agent, on June 3, 2010. (Doc. #3). Defendant has not answered or filed any responsive pleadings in this matter and the Clerk of the Court entered default against defendant on July 25, 2011. (Doc. #7).

Plaintiffs filed this motion for default judgment on July 20, 2011. (Doc. #4). Attached to plaintiffs' motion is a copy of the parties' CBA and pension trust agreement. (Doc. Nos. 4-2, 4-3, and 4-4). Plaintiffs have also submitted affidavits by

Steven Straher, trustee and president of the pension trust fund, Tom Rhodes, an administrator for the pension trust fund, and Daniel McLaughlin, counsel for plaintiffs. (Doc. Nos. 4-1, 4-5, and 4-6).

## II. Legal Standard

"[E]ntry of default by the Clerk does not entitle the non-defaulting party to a default judgment as a matter of right." United States v. $345,510.00 in U.S. Currency, 2002 WL 22040 at *2 (D. Minn. 2002). Default judgments are not favored in the law. United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir.1993). Whether to grant default judgment is a separate question within the discretion of the Court. See Fingerhut Corp. v. Ackra Direct Marketing Corp., 86 F.3d 852, 856 (8th Cir. 1996). In considering a motion for default judgment, the Court is mindful that, by defaulting, defendant is deemed to have admitted for purposes of this action all well-pleaded factual allegations in the complaint. See Taylor v. City of Ballwin, 859 F.2d 1330, 1333 (8th Cir. 1988). While factual allegations in the complaint are generally taken as true, those allegations relating to the amount of damages must be proven. See Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001); Stephenson v. El-Batrawi, 524 F.3d 907, 916-17 (8th Cir. 2008) (district court must provide detailed findings regarding damage calculations, even in default judgments, and "generic reference to evidentiary support for the damages determination" is insufficient. Id. at 917).

## III. Discussion

Taking the allegations in their complaint as true, plaintiffs have established that defendant was bound by the CBA submitted by plaintiffs during the period from June 15, 2008 through June 14, 2011. They have also established that defendant breached

the CBA by failing to submit contributions owed to plaintiffs under the CBA. Having determined that plaintiffs are entitled to default judgment based upon their complaint, the Court must next examine whether they have submitted sufficient evidence to show they are entitled to the amount of damages they seek. Stephenson, 524 F.3d at 916-17. Consistent with ERISA, the CBA provides for liquidated damages, interest, fees and costs associated with these unpaid contributions as well as a right to examine defendant's payroll records. See 29 U.S.C. § 1132(g)(2).

Plaintiffs request that the Court award them $2,637.80 for unpaid contributions owed to the pension fund under the CBA. The Rhodes affidavit submitted by plaintiffs states that this amount represents $119.90 per payment period for contributions owed for a single employee from June 2009 to present. (Doc. #4-5). This information, however, is inconsistent with plaintiffs' complaint, which states that defendant has failed to submit contribution payments for the period from *October 2009* to present. (Doc. #1 at para. 10). According to the CBA, defendant must make pension contributions in the amount of $119.90 per eligible employee per payment period. (Doc. #4-3). Section 17.1 of the CBA defines a payment period is defined as "the number of the Company's payroll week endings in a given calendar month." (Doc. #4-3). The Court interprets this definition to mean that there are twelve payment periods in each year, with varying lengths of four or five weeks depending upon the month. Accordingly, the Court will reduce the plaintiffs' damages for unpaid contributions by the four payment periods that are not included by the allegations in plaintiffs' complaint. As such, plaintiffs are entitled to recover unpaid contributions in the amount of $2,158.20.[1]

---

[1] $2,158.20=$2,637.80-($119.90x4)

Plaintiff also requests liquidated damages in the amount of $527.56. Section 1132(g)(2)(c) provides that, in addition to unpaid contributions and interest, the Court shall award "an amount equal to the greater of-- (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent." It appears that amount requested by plaintiff is calculated as twenty percent of the unpaid contributions as stated in the Rhodes affidavit. (Doc. #4-5). As discussed above, the Rhodes affidavit is inconsistent with plaintiffs' complaint. In addition, the pension trust fund agreement submitted by plaintiffs provides only that the pension plan trustee shall have the authority to establish rules and regulations providing for liquidate damages to be added to any delinquent contributions. (Doc. #4-5 at para 8.3). Plaintiffs have not submitted any documentation or testimony describing what "rules and regulations" have been established with regard to liquidated damages. As such, the Court is unable to conclude that plaintiffs are entitled to the amount of liquidated damages they seek.

Plaintiffs also request that the Court award them prejudgment interest in the amount of $237.40. While the CBA does not provide for an interest rate or method of calculating interest owed on delinquent contributions, plaintiffs have pointed 26 U.S.C. § 6621 as proscribing an interest rate of nine percent. Plaintiffs are correct that nine percent of $2,637.80 equals $237.40. However, this methodology overstates the amount of interest owed on defendant's unpaid contributions because each $119.90 payment became due at a different time. Again, the unpaid contribution amount justified by plaintiffs' complaint is also different from the amount used by plaintiffs to calculate interest. Based on these discrepancies, the Court finds the record to be insufficient to justify the amount of accrued interest sought by plaintiffs.

Finally, plaintiffs request that the Court award them attorneys' fees in the amount of $594.50 and costs in the amount of $404.58. The McLaughlin affidavit indicates that he expended 3.1 hours on this matter. (Doc. #4-6). The McLaughlin affidavit further states that his hourly rate is $145.00 per hour and that plaintiffs have incurred expenses in the amount of $404.58 for the cost of filing, copies, postage, and service. Id. The Court finds that the amount of attorneys' fees requested by plaintiffs is reasonable in light of the nature and amount of work performed in this matter.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for default judgment [Doc. #16] is **granted** with respect to damages for unpaid contributions, fees, and costs.

**IT IS FURTHER ORDERED** that plaintiffs' motion for default judgment [Doc. #16] is **denied** with respect to liquidated damages and interest on unpaid contributions.

A separate judgment in accordance with this Memorandum and Order will be entered this same date.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of October, 2011.